<u>**EXHIBIT A**</u>

**Subpoena under the U.S. Bankruptcy Code**

**ISSUED TO**

**AMEX / AMERICAN EXPRESS**

**In re: KENNETH RAY JOYNER, Chapter 7 Debtor**

**Middle District of Florida (Tampa) Bankruptcy Case No. 8:20-05354-CPM**

**KENNETH RAY JOYNER aka KEN R JOYNER:   Social Security No.: \*\*\*-\*\* - 4639**

<u>**CORPORATE ENTITIES/ BUSINESS ENTITIES:   THE JOYNER GROUP INTERIOR DESIGNS,  EIN: 83-3794626   INNOVATIVE SPACES:  83-3794626**</u>

## <u>A.</u>    <u>DEFINITIONS</u>

1.     The terms "all" and "any" shall mean "any and all."

2.     The conjunctions "and" and "or" will mean "and/or" and will not be interpreted to exclude any information otherwise within the scope of any request.

3.     Words and terms in the singular shall include the plural thereof, and all words of the masculine gender shall include the feminine gender thereof.  The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any documents which might otherwise be construed to be outside its scope; the word  "including" means  "including without limitation."

4.     The terms "communicate" or "communication" shall mean oral, written or any other exchange of words, thoughts or ideas to another person or entity, whether person-to-person, in a group, in a meeting, by telephone, by letter, telex, electronic mail (e-mail) or facsimile or by any other process, electronic or otherwise.   All written communications shall include, without limitation, printed, typed, handwritten or other readable documents as defined herein.

5.     The term "Debtor" means debtor as defined by 11 U.S.C. § 101(13), including but not limited to,  KENNETH RAY JOYNER and any person (including present or former attorneys, accountants, agents, officers and employees) at any time acting or purporting to act on behalf of Debtor, KENNETH RAY JOYNER .

6.     The term "Debtor's Businesses" means any business entity in which the Debtors have an "insider" as the term "insider" is defined by 11 U.S.C. § 101(31), including but not limited to the following business entities, The Joyner Group Interior Designs and Innovative Spaces.

7.     (a).  The terms "Document," "Documents" and "Documentation" when used herein, the terms" writings" and "documents" shall include the original or copy of correspondence, ESI, records, charts, contracts, agreements, calendars, diaries, memoranda, notes, letters, telegrams, studies, instructions, pamphlets, brochures, enter- and intra-office communications, transcripts, tapes, recordings of any kind, checks, checkbooks, requisitions, vouchers, bills, purchase orders, invoices, journals, ledgers, bank books, bank statements, time sheets, or any other writing of any kind or description whatsoever, including original documents and copies where applicable (and any non-identical copy, whether different from the original because of handwritten notes or

underlining on the copy or otherwise), and information stored on computer, relating to the subject matter of this bankruptcy case, in Your possession or control or that of Your officers, directors, employees, attorneys, agents, and all other persons acting or purporting to act in Your behalf.

(b). The terms "Document," "Documents" and "Documentation" further includes physical embodiment of information or ideas of any type, including written, typed, recorded, or graphic matter, however produced, of any type or description, whether sent or received by electronic or physical means, including, without limitation, papers, books, letters, correspondence, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, memoranda, notes, notations, accountants' working papers, transcripts, minutes, agendas, reports, and recordings of telephone or other conversations, of interviews, of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, other records kept by electronic, photographic or mechanical means, things similar to any of the above, and any other documents within the meaning and scope of Rule 7034 of the Federal Rules of Bankruptcy Procedure.

(c). The term "ESI" as used herein shall mean any electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

8. "Person(s)" means any natural persons, firm, corporation, partnership, sole proprietorship, estate, trusts, estates, joint venture, association, group or organization, or other entities, and agent thereof, and whenever a request is made herein for the name of a person, it is the intention that the answer shall also state his, her or its address.

9. "Petition Date" shall refer to July 14, 2020 as to KENNETH RAY JOYNER.

10. The phrase "relating or referring to" means constituting, comprising, containing, consisting of, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

11. The term "Transfer" means transfer as is defined pursuant to 11 U.S.C. § 101(54).

**B.**     **DOCUMENTS TO BE PRODUCED PURSUANT TO THE SUBPOENA**

1. Any and all applications / signature cards for any and all credit, investment, or any financial accounts of any type, for the period of **July 1, 2018 to Present** (**date of responding this request**), in the names of the Debtor, KENNETH RAY JOYNER with social security number **\*\*\*-\*\*- 4639** and defined Debtor's Businesses, including but not limited to any and all accounts in the name of the Debtors and/or any entities that Debtors have signatory power including but not limited to **THE JOYNER GROUP INTERIOR DESIGNS and INNOVATIVE SPACES, EIN 83-3794626** .

2. Any and all financial statements for any and all financial accounts for the period of July 1, 2018 to Present (date of responding this request), in the names of the Debtors, defined

Debtor's Businesses, including but not limited to any and all accounts in the name of the Debtors and/or any entities that Debtors have signatory power.

3. Any and all correspondence issued for the period of July 1, 2018 to Present (date of responding this request), to Debtors and defined Debtor's Businesses, concerning credit accounts, lines of credit and/or any other accounts.

4. Copies of all drafts, checks, deposit slips, money orders, cashier's checks, wire transfer details for all financial accounts during the time period of July 1, 2018 to Present (date of responding this request).

5. Copies of any and all Interest Dividend Statements issues to the Debtors, Debtor's Businesses, and/or any entities that the Debtors have signatory power for the time period of July 1, 2018 to Present (date of responding this request).

6. Copies of any and all Official IRS 1099 forms and/ or composite summaries or year-end summaries that were issued to the Debtors, Debtor's Businesses, and/or any entities that the Debtors have signatory power for the time period of July 1, 2018 to Present (date of responding this request).

7. Copies of any and all Wire Transfer detail reports, confirmation receipts and all other supporting documents related to Wire Transfers relative to any and all financial accounts held by the Debtors, Debtor's Businesses, and/or any entities that the Debtors have signatory power for the time period of July 1, 2018 to Present (date of responding this request).

8. Loans, to include applications, notes, mortgages, credit cards, or other instruments of indebtedness, ledgers, records of advancing those loans, that is, checks, deposit tickets, debit memos, records of loan payments, including copies of checks and receipts issued thereto, statements of interest paid on each loan per calendar year.

9. Application, records of payment for, and entry records of all safe deposit boxes.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

                                 CASE NO. 8:20-bk-06749-CPM

KENNETH RAY JOYNER,               Chapter 7
                 Debtors.

_____/

## CERTIFICATION OF RECORDS CUSTODIAN

**[__] CERTIFICATION OF RECORDS COPIED (Custodian's Initials:_____)**

      (a) I, _____am a duly authorized Custodian of Records, or other qualified witness for_____.  As such, I have the authority to certify these records.

      (b) The photocopied records submitted herewith are true copies of all the records described in the Subpoena for _____

      (c) To the best of my knowledge, all such records were prepared or compiled by the personnel of _____ in the ordinary course of business, at or near the time of the acts, conditions, or events recorded.

      (d) No documents have been withheld in order to avoid their being photocopied.  If we have only part of the records described in the Subpoena, such records as are available are provided.

OR

**[__] CERTIFICATION OF NO RECORDS (Custodian's Initials:_____)**

      (a) A thorough search has been made for the documents described in the Subpoena and based on the information provided to us for identification, no such records were found.

      (b) No copies or records are transmitted because we do not have said records.

I declare under penalty of perjury that the foregoing is true and correct, and that this affidavit was executed on

DATED:_____

                                _____
                                    , Custodian of Records

STATE OF   _____

COUNTY OF _____

      Subscribed and sworn to before me on this ____ day of _____, 2020.

                                  _____
                                  Notary Public
                                  My Commission Expires